IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES DINKINS, | * | |
| Petitioner, | * | Criminal No. RDB-06-0309 |
| v. | * | Civil Action No. RDB-18-2170 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In 2009, *pro se* Petitioner James Dinkins ("Petitioner" or "Dinkins") and two co-defendants were tried together and convicted of multiple charges relating to the murder of government witnesses, the murder of a co-conspirator, and several narcotics and firearms-related offenses arising from their involvement in a drug-trafficking organization in Baltimore.[1] Subsequently, this Court sentenced Petitioner along with his co-defendants to life imprisonment on multiple counts. (ECF No. 340.) On appeal, the United States Court of Appeals for the Fourth Circuit affirmed this Court's Judgment. (ECF No. 429; *United States v. Dinkins*, 691 F.3d 358, 362 (4th Cir. 2012).)

Currently pending is the Petitioner's fourth Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing that he is entitled to relief pursuant to the United States Supreme Court's holding in *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018). (ECF No. 546.) As with the Petitioner's second and third Motions to Vacate under § 2255, the Government argues that the Motion should be denied as a second or successive Motion

---

[1] This case was originally assigned to the Honorable J. Frederick Motz and subsequently reassigned to the undersigned Judge on July 16, 2018.

1

that has not been authorized by the Fourth Circuit. (ECF No. 550.) Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons discussed herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 546) is DENIED.[2]

## BACKGROUND

After a twelve-day jury trial, Petitioner Dinkins was found guilty of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 486 (Count I); witness tampering and aiding and abetting, in violation of 18 U.S.C. § 1512 and 18 U.S.C. § 2 (Count IV); three counts of possession and discharging of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2 (Counts V, VII, VIII); and two counts of knowingly causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j) and 18 U.S.C. § 2 (Counts VI, IX). (Judgment, ECF No. 340.) This Court then sentenced Dinkins and his two co-defendants to life imprisonment on several counts. (*Id.*) The Petitioner and his co-defendants appealed their Judgments, which the Fourth Circuit affirmed. (ECF No. 429; *United States v. Dinkins*, 691 F.3d 358, 362 (4th Cir. 2012).)

On August 23, 2013, Petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel and additional vague, conclusory arguments. (ECF No. 437.) This Court denied that Motion on December 16, 2013, denied the Petitioner a Certificate of Appealability, and subsequently

---

[2] Also pending is Petitioner's Motion to Appoint Counsel (ECF No. 547), which is DENIED because neither an evidentiary hearing nor the interests of justice require appointing counsel. 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c) of the Rules Governing Section 2255 Proceedings. In addition, Petitioner also filed a Motion for Discovery. (ECF No. 553.) Given that Petitioner's Motion is denied both as an unauthorized successive Motion and as a matter of law, this Motion (ECF No. 553) is MOOT.

2

denied the Petitioner's Motion for Reconsideration. (ECF Nos. 452, 455.) Petitioner appealed these denials to the Fourth Circuit, which denied Dinkins a certificate of appealability and dismissed the appeal. (ECF No. 467; *United States v. Dinkins*, No. 14-6089, 569 F. App'x 159, 160 (4th Cir. Apr. 29, 2014).)

On March 21, 2014—while Petitioner's appeal of his first § 2255 Motion was pending—Petitioner filed a second § 2255 motion. (ECF No. 462.) As this Court explained, under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Petitioner had not received the proper certification from the Fourth Circuit for this Court to entertain a second or successive motion. Therefore, on March 31, 2014, this Court denied Petitioner's Second Motion to Vacate and denied Petitioner a Certificate of Appealability. (ECF No. 463.) On April 30, 2014, Petitioner filed a third § 2255 Motion,[3] which this Court again denied as a second or successive Motion without authorization from the Fourth Circuit. (ECF No. 469.)

Subsequently, on May 27, 2014, Dinkins did petition the Fourth Circuit under 28 U.S.C. § 2244 for an order authorizing this Court to consider a second or successive application for relief under 28 U.S.C. § 2255. *In re: James Dinkins*, No. 14-258, ECF No. 2

---

[3] Although Dinkins' motion was styled as a motion pursuant to Fed. R. Civ. P. 54(b), this Court construed it as a motion to vacate because it alleged that petitioner was "actually innocent of a sentence" imposed by this Court. (ECF No. 469.)

3

(4th Cir. 2014). On June 19, 2014, the Fourth Circuit denied Dinkins' petition. (ECF No. 472.)

Over four years later, on July 13, 2018, Petitioner filed the currently pending Motion to Vacate Judgment under 28 U.S.C. § 2255, arguing that the United States Supreme Court's ruling in *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018) renders the statute under which he was convicted void for vagueness. (ECF No. 546.) As with Petitioner's other Motions, the Government argues that this Court has not been granted authorization from the Fourth Circuit to consider a successive application for relief by Dinkins. (ECF No. 550.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __ (4th Cir. Oct. 5, 2017) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers").

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a

4

complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

## ANALYSIS

### I. Petitioner's Motion is Successive

As explained in this Court's prior Memorandum Opinions, under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

This is the Fourth Motion that Petitioner has filed under 28 U.S.C. § 2255. (ECF Nos. 437, 462, 468, 546.) This Court denied Petitioner's first Motion on the merits, and denied the two subsequent Motions as being successive without authorization from the Fourth Circuit. (ECF Nos. 451, 463, 469.) After this Court denied Petitioner's third Motion, he petitioned the Fourth Circuit for an order authorizing this Court to consider a second or successive application for relief, which the Fourth Circuit denied. (ECF No. 472.) That is the first and only petition Dinkins has made to the Fourth Circuit in order to enable this Court to entertain a second or successive § 2255 motion. Therefore, this Court does not have jurisdiction to consider Dinkins' instant Motion, and Dinkins' Motion to Vacate (ECF No. 546) is DENIED.

## II. Petitioner is not Entitled to Relief

Even assuming that this Court had jurisdiction to consider Dinkins' Motion, he is not entitled to relief under *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018). In *Dimaya*, the Supreme Court considered the meaning of "crime of violence" under the residual clause of the Immigration and Nationality Act, 18 U.S.C. § 16(b). Applying *Johnson v. United States*, 135 S. Ct. 2551 (2015) to § 16(b), the Supreme Court held that the residual clause was unconstitutionally vague. In his Motion, Dinkins argues that the analysis in *Dimaya* applies equally to the statute under which he was convicted, 18 U.S.C. § 924(c).

18 U.S.C. § 924(c), however, "prohibits the possession of a firearm in furtherance of a crime of violence *or* a drug trafficking crime." *United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) (emphasis in original). Dinkins was charged with possession and discharging of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2, as well as possession and discharging of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. Thus, Dinkins was convicted in relation to a drug trafficking crime, not a crime of violence, and the Supreme Court's rulings in *Dimaya* and *Johnson* do not apply to his conviction or sentence. For this reason, even if Petitioner's Motion was properly before this Court, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 546) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 546) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: November 19, 2018

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge